IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-222-BO

| | |
|---|---|
| TONYA RENEE BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 24]. A hearing was held in Elizabeth City, North Carolina on September 8, 2015. For the reasons detailed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff filed an application for a period of disability and disability insurance benefits on June 2, 2011. Plaintiff filed for supplemental security income on May 23, 2011. Plaintiff alleges an onset date of June 20, 2010. [Tr. 24]. Her claim was denied initially and upon reconsideration. A video hearing was held before an Administrative Law Judge (ALJ) on April 5, 2013. *Id.* The ALJ issued an unfavorable decision for plaintiff. [Tr. 21]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on July 22, 2014. [Tr. 2]. After an extension of time was granted, Ms. Banks sought review in this Court. [Tr. 1].

On her alleged onset of disability date, plaintiff was 39 years old; she is now 44 years old. [Tr. 37]. She has a high school education and a prior career working in restaurant kitchens.

[Tr. 37]. Plaintiff has a history of seizures, degenerative disc disease of the lumbar spine, speech fluency deficiency, obesity, and depressive disorder. [Tr. 26].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since June 20, 2010. [Tr. 26]. Next, the ALJ determined that plaintiff's history of seizures,

degenerative disc disease of the lumbar spine, speech fluency deficiency, obesity, and depressive disorder were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 27]. At step four, the ALJ found that plaintiff was capable of performing sedentary work with limitations. Plaintiff can only occasionally bend, balance, stoop, kneel, crouch, crawl, or climb. [Tr. 29]. She must avoid heights and dangerous machinery. *Id.* She can perform only simple, routine, repetitive tasks with only occasional electronic communication. *Id.* She must be able to adjust her posture as needed while working, and her ability to push, pull, or operate controls with her lower left extremity is also limited. *Id.* Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 38]. A vocational expert testified that these jobs would include employment as an assembler, order clerk, or sorter. [Tr. 38]. Accordingly, the ALJ found that plaintiff was not disabled since June 20, 2010. [Tr. 39]. Plaintiff now seeks review of the ALJ's determination that she is not disabled.

Plaintiff alleged at the hearing that the ALJ erred by failing to account for plaintiff's mental limitations sufficiently in the RFC. Social Security Regulation 96–8p explains the process an ALJ is to follow in formulating an RFC. It specifically states that the limitations identified in connection with an ALJ's finding as to whether a claimant meets a listing "are not a residual functional capacity assessment," and it requires an ALJ to "identify the individual's functional limitations or restrictions and assess [a claimant's] work-related abilities on a function-by-function basis," including "a narrative discussion describing how the evidence supports each conclusion." SSR 96–8p.

Here, the ALJ determined that plaintiff had moderate difficulties with concentration, persistence, or pace with specifically noted concentration issues. [Tr. 28]. The only mental modification the ALJ included in the RFC, however, was a limitation to simple, routine, repetitive tasks. [Tr. 29]. As the Fourth Circuit recently noted, a person's limitations in concentration, persistence, and pace are not addressed by a limitation to simple, repetitive tasks. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Accordingly, the ALJ did not include any limitations in the RFC for plaintiff's limitations in concentration, persistence, and pace, and did not explain why plaintiff's limitations did not translate into a limitation in her RFC. This was in error.

Additionally, the ALJ's consideration of the weight given Dr. Nordin was unsatisfactory. When considering the opinion of a treating physician, the ALJ is to give controlling weight if "a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 CFR 404.1527. However, even if a treating physician is not given controlling weight, the ALJ is to apply factors including the length and extent of the treatment. *Id.* Finally, no matter the weight given a treating physician, the ALJ is to "always give good reasons in our notice of determination or decision for the weight we give [the] treating source's opinion." *Id.*

Here, the ALJ did not satisfy those requirements. The ALJ stated that he gave Dr. Nordin little weight for several reasons. First, the ALJ said Dr. Nordin's assessment was contrary to the record, especially Dr. Davis. [Tr. 36]. This conclusion does not take into account that Dr.

4

Nordin's assessment that plaintiff was suffering from seizures was in fact consistent with Dr. Britt and Dr. Guyer's conclusions, both of whom had diagnostic impressions of "dementia associated with seizure disorder." [Tr. 378, 567]. Second, the ALJ faults Dr. Nordin's opinion for "covering only a period from November to December 2012." [Tr. 36]. However, in this time, Dr. Nordin observed plaintiff on five separate instances. [Tr. 549]. Moreover, Dr. Davis, to whom the ALJ affords "great weight" only encountered plaintiff once, so the ALJ is internally inconsistent on this point. [Tr. 34, 36]. Finally, the ALJ faults Dr. Nordin for failing to make a referral to another specialist or prescribe pain medication to plaintiff. Here, the ALJ's proper role would be to develop the record further as to why Dr. Nordin made those decisions, rather than to second-guess the doctor's decisions. *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. N.C. 1980) ("Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded.").

Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the ALJ failed to explain his reasoning regarding plaintiff's mental limitation and did not correctly consider the weight to be given Dr. Nordin. Upon remand, the Commissioner is to address the effect of plaintiff's limitations as to concentration, persistence, and pace on her RFC and formulate appropriate limitations as necessary and reevaluate the weight given to Dr. Nordin.

5

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED, defendant's motion for judgment on the pleadings [DE 24] is DENIED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this **22** day of September, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE