IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-222-BO

| | |
|---|---|
| TONYA RENEE BANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's Motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), to which the government has responded. For the reasons discussed below, counsel's motion is granted but the total fee awarded is reduced.

## BACKGROUND

Ms. Banks sought appellate review of the Commissioner's decision before this Court on October 16, 2014. Following a hearing before this Court on September 8, 2015, the matter was remanded to the Commissioner for further proceedings consistent with the Court's September 23, 2015, order. Plaintiff now seeks an award of fees in the amount of $9,443.43 for 62.2 hours of work spent on the appeal and $1,839.29 in expenses. Defendant does not dispute that plaintiff was the prevailing party, that defendant's position in the underlying litigation was unjustified, or that plaintiff is procedurally eligible for EAJA fees. Though defendant does not object to the hourly rate sought by plaintiff, defendant does argue that the number of hours billed by plaintiff and costs requested are excessive and warrant reduction.

1

## DISCUSSION

Under the EAJA, parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the position of the United States throughout the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the EAJA, the claimant must show that (i) she is the prevailing party; (ii) the government's position was not substantially justified; (iii) no special circumstances make an award unjust; and (iv) the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). As defendant does not dispute that plaintiff meets these threshold conditions for an award of fees and costs under the EAJA, the Court finds that plaintiff has met them.

"Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2001) (citation omitted). As the prevailing party here, "plaintiff 'bears the burden of establishing that the number of hours for which she seeks reimbursement is reasonable and does not include any claim for hours which are excessive, redundant, or otherwise unnecessary.'" *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, *3 (E.D.N.C. Feb. 8, 2008) (citation omitted). In determining the amount of a fee, a court may consider the extent of plaintiff's success, the novelty and complexity of the issues presented, the experience and skill of the attorney, and the typical range of compensated hours in a particular field. *Id.* at *3–*4. A court has great discretion to determine the fee award so long as the fee is reasonable. *Hyatt*, 315 F.3d at 254.

Here, plaintiff has not met her burden of showing that 54.3 hours of attorney time are reasonable in this litigation. This is significantly greater than the typical request in a social

2

Case 7:14-cv-00222-BO   Document 37   Filed 01/19/16   Page 2 of 4

security case. *See, e.g., Rogers v.* Astrue, 5:12-CV-03-RLF-DCK, 2015 WL 9239000, *3 (Dec. 17, 2015) (collecting cases). Time sheets accompanying plaintiff's motion include numerous entries for time spent on ministerial tasks, such as canceling travel arrangements. The time sheets also include entries for reviewing documents that are simply electronic docket entries or one page orders. The Court finds that billing for these is likewise inappropriate. It is well established that purely clerical tasks should not be compensated for, *see, e.g., Chapman v. Astrue*, No. 2:08CV00040, 2009 WL 3764009 ,*1 (W.D. Va. Nov. 9, 2009), and that counsel should refrain from billing for "excessive, redundant, or otherwise unnecessary" hours, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Plaintiff's counsel additionally claims attorney hours for clerical tasks such as updating the client and compiling e-cases. *See, e.g. Rogers*, 2015 WL 3764009, *3. Attorney hours should not be billed for tasks such as these, which could and should be completed by a non-attorney. It is also well established that it awarding the full attorney rate for activities that could more effectively be performed by non-lawyers is improper. *See, e.g., Spell v. McDaniel*, 824 F.2d 1380, 1401–02 (4th Cir. 1987). Examining the time sheets submitted by plaintiff in light of these principles, it is clear that certain entries should be reduced in time or eliminated.

While the Court will not engage in micromanagement of counsel's time in order to determine whether the fee request is reasonable, *Quade ex rel. Quade v. Barnhart*, 570 F.Supp.2d 1164, 1167–68 (D.Ariz. 2008), it determines upon review that the total amount of fees requested by plaintiff's counsel includes non-compensable and excessive hours, as well as hours that should have been billed at a non-attorney rate. Rather than reducing or eliminating specific time entries, the Court will exercise its discretion and reduce the EAJA fee award to plaintiff's counsel by one third, resulting in a fee award of $6,295.62.

3

The Court also notes that, unlike the August plane ticket, plaintiff did not submit a receipt for the September plane ticket. Instead, plaintiff merely submitted an itinerary with an estimated cost for the September plane ticket. Accordingly, the Court determines that the $894.93 cost for the September plane ticket is not reimbursable, resulting in costs of $944.36.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for EAJA fees is GRANTED in PART and DENIED in PART. Plaintiff is awarded $6,295.62 in fees and $944.36 in costs.

SO ORDERED, this __15__ day of January, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE